UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH SABAN | ) |
| | ) |
| Plaintiff, | ) Case: 3:23-cv-50316 |
| | ) |
| v. | ) |
| | ) |
| GESNER INVESTMENTS, LLC d/b/a | ) |
| SOUSES LOUNGE, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Elizabeth Saban ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Gesner Investments, LLC d/b/a Souses Lounge ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants pregnancy-based discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Elizabeth Saban resided in Winnebago County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Gresner Investments, LLC d/b/a Souses Lounge was a limited liability company doing business in and for Winnebago County, Illinois, whose address is 5855 Forest Hills Road, Rockford, IL 61114.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a bartender from October 1, 2021 until she was unlawfully terminated on the basis of sex (pregnancy) on or around December 27, 2022.

13. Since at least March 1, 2022 through December 27, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

14. Plaintiff is female and pregnant and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment due to her extensive experience in the restaurant industry as a bartender and as demonstrated by her sales.

16. On or around March 1, 2022, Plaintiff notified Defendant, via its bar manager Melanie Hansen (non-pregnant) that she was pregnant.

17. Prior to announcing her pregnancy to Defendant, Plaintiff worked a set schedule of Thursday, Saturday, and Sunday from approximately 6 p.m. to close.

18. Plaintiff's Saturday shift made up the majority of her income, and as a result was a very important shift to her.

19. Initially, Ms. Hansen responded with excitement and support for Plaintiff's announcement.

20. However, the further Plaintiff got into her pregnancy, the more she began to experience less favorable treatment compared to her non-pregnant counterparts.

21. In or around summer 2022, Ms. Hansen began to make comments that Plaintiff looked tired and that she was slowing down.

22. Plaintiff also received comments regarding her growing "fatigue due to pregnancy" from Defendant's employee, Jay (LNU, male).

23. This shocked Plaintiff, because she was maintain her performance and sales just as she had before she announced her pregnancy.

24. However in or around July/August 2022, Ms. Hansen texted Plaintiff, seemingly out of the blue that she "finally found someone to relieve [her] of a shift."

25. Ms. Hansen later messaged, "I fully understand if you're upset, but it's not personal at all. I think you do a great job!"

26. Ms. Hansen further justified her actions by saying that "multiple people" have been saying how tired Plaintiff is, and that she apologizes that her pregnancy is so long.

27. Plaintiff was completely stunned by the sudden loss of a shift that she has been working for some time, successfully, that brings in the majority of her income.

28. Despite Plaintiff's distress and disappointed about losing a shift that she had never asked to be relieved from, she hoped that she would get her shift back at some point.

29. However, between losing her shift summer 2022 and her November 18, 2022 due date, Plaintiff's Saturday shift was never reinstated.

30. Prior to Plaintiff going on maternity leave, she and Ms. Hansen agreed verbally and over text message that Plaintiff would return to work in January, 2023.

31. On November 18, 2022, Plaintiff's son was born.

32. On December 27, 2022, Plaintiff sent a follow-up message to Ms. Hansen and notified her that her physician had cleared her for work beginning on January 2, 2023.

33. Despite Plaintiff's constant attempts to contact Defendant about returning to her job, Defendant ignored Plaintiff.

34. As a result, Plaintiff was effectively terminated on or around December 27, 2022 on the basis of her pregnancy.

35. Plaintiff was targeted for termination because of her sex (pregnancy).

4

36. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

37. There is a basis for employer liability for the sex-based discrimination that Plaintiff was subjected to.

38. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff opposed unlawful discrimination directly to her manager about the discrimination.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

39. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

41. Plaintiff met or exceeded performance expectations.

42. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

43. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

44. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

45. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

47. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

48. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

49. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination and/or sex-based harassment.

50. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

51. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex discrimination and/or harassment.

52. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

53. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

54. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

56. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Compensatory and punitive damages;

      d.      Reasonable attorneys' fees and costs;

      e.      Award pre-judgment interest if applicable; and

      f.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of August, 2023.

      */s/ Nathan C. Volheim*
      **Nathan C. Volheim, ESQ.**
      *Counsel for Plaintiff*
      **SULAIMAN LAW GROUP, LTD**
      2500 South Highland Avenue, Suite 200
      Lombard, IL 60148
      Telephone: (630) 575-8181
      Facsimile: (630) 575-8188
      Email: nvolheim@sulaimanlaw.com